UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-CV-61169-WILLIAMS/AUGUSTIN-BIRCH

**FLAVIA PINTOS,**

    **Plaintiff,**

v.

**GUADALUPE FRANCISCO MARTINEZ and B & B TRUCKING, INC., a Foreign Corporation,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION ON MOTION TO REMAND [9]

The Honorable Kathleen M. Williams, United States District Judge, referred this matter to the undersigned United States Magistrate Judge for appropriate disposition or report and recommendation on Plaintiff Pintos' Motion to Remand. DE 9; DE 11. The Motion to Remand is fully briefed, Defendants Martinez and B & B Trucking having filed a Response [DE 19] and Plaintiff having waived a Reply. The Court has carefully considered the briefing and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Court recommends that the Motion to Remand be **GRANTED**.

### I. BACKGROUND

Plaintiff filed a two-count Complaint against Defendants seeking "damages in excess of Fifty Thousand Dollars." DE 1-1 ¶ 1. Count I alleges that Martinez "negligently operated" a vehicle, causing it to collide with Plaintiff resulting in serious injuries. *Id.* ¶¶ 11-12. Count II alleges that B & B trucking is vicariously liable for the collision and responsible for Martinez's

negligent operation of the vehicle. *Id.* ¶ 16. As a result of the collision, the Complaint alleges, Plaintiff

> suffered severe and permanent bodily injury resulting in pain and suffering, disability, disfigurement, aggravation of a pre-existing condition, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, loss of ability to earn money in the future and other economic damages.

*Id.* ¶¶ 12, 17. Further, the Complaint alleges that these losses are "either permanent or continuing in nature and the Plaintiff will suffer these losses in the future." *Id.*

Defendants filed a Notice of Removal to bring the case before a federal court under 28 U.S.C. § 1441 on the basis that diversity jurisdiction exists. DE 1. Defendants contend that a preponderance of the evidence shows that the amount in controversy exceeds $75,000 as required under 28 U.S.C. § 1332. *Id.* ¶ 10. Plaintiff filed a Motion to Remand pursuant to 28 U.S.C. § 1447(c), arguing that Defendants did not "establish that the amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1332(a)." DE 9 ¶ 5. Plaintiff constructively rejected Defendants' $75,001.00 settlement offer, and Defendants' Response to Plaintiff's Motion to Remand asserts that the amount in controversy is "proven to exceed $75,000 by the fact that Plaintiff is unwilling to resolve this dispute for an amount greater than $75,000." DE 19 ¶ 2.

## II. GOVERNING LEGAL STANDARD

In ruling on a motion to remand, the Court looks to the complaint in determining whether the case could have been filed in federal court in the first place. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The Court then "looks at the Notice [of Removal] to determine whether the amount in controversy is satisfied." *Revilla v. Racetrac, Inc.*, No. 22-CV-23077, 2022 WL 4479942, at *2 (S.D. Fla. Sept. 27, 2022). Further, any doubts about removal must be resolved in favor of remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Because federal courts are courts of

limited jurisdiction, a federal district court must have subject matter jurisdiction over a case and is required to remand a case that was improperly removed. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007).

When damages are uncertain, "the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Id.* at 1208; *see Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (holding that when a complaint does not establish that the amount in controversy exceeds $75,000, the "removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement"). Lastly, "the amount in controversy is determined at the time of removal, and subsequent matters that affect the amount will not divest the court of jurisdiction." *Waltemyer v. Nw. Mut. Life Ins. Co.*, No. 2:06-cv-597-FtM-29DNF, 2007 WL 419663, at *2 (M.D. Fla. Feb. 2, 2007).

### III. ANALYSIS

Plaintiff seeks remand of this case to state court. Plaintiff maintains that there is no diversity jurisdiction between the parties that would allow this case to be brought in federal court because the amount in controversy requirement is not satisfied. DE 9 ¶ 5. Defendants argue that Plaintiff's rejection of a $75,001 settlement offer and Plaintiff's allegation of a permanent injuries show, by a preponderance of the evidence, that the amount in controversy is greater than $75,000. DE 19. The Court addresses both topics in turn.

In Section A of this Report and Recommendation, the Court discusses whether Plaintiff's rejection of Defendants' settlement shows by a preponderance of the evidence that the $75,000 amount in controversy requirement is satisfied under 28 U.S.C. § 1332. In Section B, the Court similarly addresses whether Plaintiff's allegation that she has suffered permanent injuries would

enable the Court to conclude by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See* DE 1-1 ¶¶ 12, 17.

The Court recommends that Plaintiff's Motion to Remand [DE 9] be granted because Plaintiff's rejection of the $75,001.00 settlement offer and Plaintiff's allegation of permanent injuries, either considered separately or together, do not show by a preponderance of the evidence that the amount in controversy exceeds $75,000. Because accepting either of Defendants' arguments would require the Court to speculate, Defendants have not satisfied their preponderance of the evidence burden.

### A. Settlement Offer

Defendants contend that, because Plaintiff rejected an offer to resolve all claims for $75,001, the amount in controversy must be above $75,000. DE 1 ¶ 10. Defendants' reliance on Plaintiff's rejection of the $75,001 settlement offer as dispositive of the amount in controversy requirement requires speculation. Plaintiff may have rejected the settlement offer for various reasons, and Defendants fail to consider other possible reasons. The Court does not have a specific reason as to why the offer was rejected. With the limited information pertaining to Plaintiff's injuries in the Complaint, the amount in controversy is speculative. Adopting Defendants' settlement offer argument would require the Court to make an inferential leap to arrive at the conclusion that the amount in controversy exceeds $75,000. Because it has only been a few months since Plaintiff's injury, Plaintiff's expected costs may be widely uncertain and speculative at this point in the proceedings.

Plaintiff only pleads that damages are in excess of $50,000. DE 1-1 ¶ 1. Plaintiff's mere rejection of the settlement offer does not meet the preponderance of the evidence standard previously articulated by the Eleventh Circuit. *See Lowery*, 483 F.3d at 1208; *Williams*, 269 F.3d at 1319. It is inappropriate to speculate that damages must exceed $75,000 merely because

Plaintiff did not accept Defendants' settlement offer. Defendants provide no legal authority standing for a proposition that rejecting a settlement offer proves, by a preponderance of the evidence, that the amount in controversy is met.

There are two cases distinguishable from the present case on this sub-issue that weigh in favor of the Court granting Plaintiff's Motion for Remand [DE 9]. In *Mensah v. LM General Insurance Co.*, a case where the United States District Court for the Southern District of Florida sustained a removal, the plaintiff's complaint included specific insurance policy limits pertaining to an insurance breach that far exceeded $75,000. *Mensah v. LM Gen. Ins. Co.*, No. 20-61471-CIV, 2020 WL 5584147, at *1 (S.D. Fla. Sept. 18, 2020) (denying a Motion to Remand because the amount in controversy was satisfied). The court in *Mensah* found that the amount in controversy was satisfied because the applicable insurance policy limits were $250,000 and $500,000, numbers high enough that the court could reasonably conclude that the amount in controversy was greater than $75,000. *See id.* Here, the Complaint only states that damages are in excess of $50,000. DE 1-1 ¶ 1. Additionally, the United States District Court for the Southern District of Florida has stated that if a "plaintiff sustained the loss that it *claimed* [and] the value of the loss would exceed $75,000.00," then the amount in controversy requirement would be satisfied. *Baypoint Off. Tower, Inc., v. Chubb Custom Ins. Co.*, No. 12-20893-CIV, 2012 WL 2192853, at *2 (S.D. Fla. June 14, 2012) (emphasis added) (denying a motion to remand). In *Baypoint*, the court was able to use its judicial experience and common sense to find that damages were likely to be in excess of $75,000 because the case involved software and the record included an affidavit from a professional insurance adjuster. *See id*. at *1-2. The present case is distinguishable from *Baypoint* because this Court is not in a position to assign monetary value to Plaintiff's alleged injuries listed in the Complaint. The Court has nothing more than defense counsel's affidavit claiming that Plaintiff failed to accept Defendants' settlement offer. Plaintiff's rejection of a settlement offer, by

5

itself, does not satisfy Defendants' burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.

### B. Permanent Injuries

Plaintiff pleads that she suffered severe and permanent bodily injuries. *Revilla* is an analogous case where the complaint alleged similar verbiage pertaining to an injury. *Revilla*, 2022 WL 4479942, at *2 ("The Complaint . . . stat[ed] *only in general terms* that she sustained severe, grievous and permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish . . . ." (emphasis added)). The court in *Revilla* emphasized that the defendant provided "no underlying supporting facts or other information" that would allow the court to find that the preponderance of the evidence burden was met. *Id.* The court found that it was not in a position to conclude that alleging permanent injuries satisfies the amount in controversy requirement: "The Court notes that while the injuries sustained by Plaintiff and the damages she seeks as a result may very well exceed the amount in controversy, they may very well not." *Id.*

In Defendants' Response, they suggest that because Plaintiff sustained severe and permanent injuries, the amount in controversy must be more than $75,000. DE 19 ¶¶ 4-5. The Complaint here uses vague language to describe Plaintiff's injuries that is similar to the complaint in *Revilla*.[1] *See Revilla*, 2022 WL 4479942, at *2. In both *Revilla* and the present case, the complaints alleged damages in excess of $30,000 and $50,000, respectively. A determination that the amount in controversy is satisfied simply because Plaintiff has alleged undescribed permanent injuries would be conclusory. Defendants' Response to Plaintiff's Motion to Remand provides no

---

[1] The Complaint here alleges that Plaintiff "suffered severe and permanent bodily injury resulting in pain and suffering, disability, disfigurement, aggravation of a pre-existing condition, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, loss of ability to earn money in the future and other economic damages." DE 1-1 ¶¶ 12, 17.

facts to demonstrate that Plaintiff's allegedly permanent injuries satisfy the $75,000 statutory requirement. "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying *facts* supporting such an assertion, is insufficient to meet [a] defendant's burden." *Williams*, 269 F.3d at 1319-1320 (emphasis added).

The United States District Court for the Southern District of Florida has cautioned against speculation, and a finding that Plaintiff's injuries must exceed $75,000 because they are allegedly serious and permanent violates this principle. In *Lambertson v. Go Fit*, the United States District Court for the Southern District of Florida refused to "speculate as to the amount of damages resulting from [] injuries" and could not "expect Defendant to have done so," where the pleading itself stated only that the amount in controversy exceeded $15,000. *Lambertson v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1285 (S.D. Fla. 2013). Here, considering the Complaint, Defendants' Notice of Removal, Plaintiff's Motion to Remand, and Defendants' Response, the Court would need to make a large inferential leap to conclude that the amount in controversy exceeds $75,000.

Even when taken together, both of Defendants' arguments do not meet the preponderance of the evidence standard. The Court would have to infer that Plaintiff did not accept the settlement offer because she knew the amount in controversy was over $75,000. Further, the Court would have to speculate as to the extent of Plaintiff's injuries to accept Defendants' permanent injury argument. Considering all of the information before the Court, the speculation and inferences that Defendants ask of the Court require too much uncertainty. *See id.* (citing *Est. of Bender v. Mazda Motor Corp.*, No. 09-0735-KD-M, 2010 WL 653716, at *1 (S.D. Ala. Feb. 19, 2010) (remanding because a case the amount in controversy was not readily deducible from the documents before the Court)).

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff's Motion to Remand [DE 9] be **GRANTED**. The undersigned recommends that the case be remanded to the Seventeenth Judicial Circuit Court in and for Broward County, Florida.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers in Fort Lauderdale, Florida, this 7th day of August, 2023.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE