UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-61169-CV-WILLIAMS

FLAVIA PINTOS,

    Plaintiff,

v.

GUADALUPE FRANCISCO MARTINEZ, *et al.*,

    Defendants.

_____/

## OMNIBUS ORDER

**THIS MATTER** is before the Court on Magistrate Judge Panayotta D. Augustin-Birch's Report and Recommendation (DE 23) ("***Report***") on Plaintiff Flavia Pintos' ("***Plaintiff***") Motion to Remand (DE 9) ("***Motion***").[1] In the Report, Magistrate Judge Augustin-Birch recommends that the Court grant Plaintiff's Motion. (DE 23 at 1.) Specifically, Judge Augustin-Birch finds that Defendants have not proven by a preponderance of the evidence that the amount in controversy exceeds $75,000. (*Id.* at 4.) Defendants filed Objections to the Report (DE 29) ("***Objections***").[2]

---

[1] On June 22, 2023, the Court referred Plaintiff's Motion to Judge Augustin-Birch for a report and recommendation. (DE 11.)

[2] After Defendants filed their Objections but before the Court ruled on the Report, Defendants filed a Motion for Reconsideration of Order Recommending Plaintiff's Motion to Remand (DE 36) ("***Motion for Reconsideration***"), asking Judge Augustin-Birch to reconsider her Report. (*Id.* at 3.) However, the applicable rules provide that the proper avenue for relief from a magistrate judge's report and recommendation is to timely file objections to the report and recommendation. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72. "It is unclear whether [Defendants] may also simultaneously ask the [Magistrate Judge] to reconsider the Report and Recommendations." *Darby v. Carnival Corp.*, 2021 WL 5902866, at *1 (S.D. Fla. Dec. 13, 2021). Such a practice creates an extra layer of review

The Court conducted a *de novo* review of the portions of the Report to which Defendants objected and a review of the Report for clear error. Having carefully reviewed the Report, Objections, record, and applicable law, the Court agrees with Judge Augustin-Birch's well-reasoned analysis and conclusion that Plaintiff's Motion be granted. *See, e.g.*, *Rola v. Wal-Mart Stores, Inc.*, 2011 WL 3156672, at *7–*9 (M.D. Fla. June 29, 2011) (recommending that the court deny plaintiff's motion to remand even where plaintiff did not accept defendant's $75,000 settlement offer because the court found that "the failure to accept the settlement proposal d[id] not create jurisdiction"), *report and recommendation adopted*, 2011 WL 3111965 (M.D. Fla. July 26, 2011); *Revilla v. Racetrac, Inc.*, 2022 WL 4479942, at *2 (S.D. Fla. Sept. 27, 2022); *cf. Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) ("[R]emoval statutes should be construed narrowly, with doubts resolved against removal."). Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report (DE 23) is **AFFIRMED AND ADOPTED.**
2. Plaintiff's Motion (DE 9) is **GRANTED**.
3. This action is **REMANDED** to Florida state court.
4. Any and all pending motions are **DENIED AS MOOT**.
5. The Clerk of Court is directed to **CLOSE** this case.

---

that the rules do not provide for and "creates uncertainty" as to which judge has jurisdiction. *See id.* ("Plaintiff's chosen path of filing both objections to the Report and Recommendations (to be ruled upon by the District Judge) and a motion for reconsideration (to be ruled upon by . . . a magistrate judge) creates uncertainty as to whether the [magistrate judge] has jurisdiction to rule on the . . . motion for reconsideration."). Accordingly, and in light of the pending Report and Defendants' timely-filed Objections, the Motion for Reconsideration is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this <u>3rd</u> day of October, 2023.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE